# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CONNIE STEELMAN,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:12-cv-370-Orl-31TBS**

**PIRATES COVE FLORIDA PLAZA, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 40) filed by the Defendant, Pirates Cove Florida Plaza, Inc. ("Pirates Cove"), the response in opposition (Doc. 43) filed by the Plaintiff, Connie Steelman ("Steelman"), and the reply (Doc. 44) filed by Pirates Cove.

### I.     Background

Pirates Cove operates a miniature golf course in Kissimmee. Steelman, who was originally represented by counsel but now appears *pro se*, alleged that she encountered barriers when she visited the Defendant's facility, in violation of the Americans With Disabilities Act ("ADA"). (Doc. 1). The discovery period in this case closed in March 2013. (Doc. 24 at 1). Pirates Cove seeks summary judgment on the grounds that Steelman lacks standing to pursue her claim because there is no evidence she intends to return to the Defendant's establishment, which is located more than 100 miles from her home. Pirates Cove also argues that Steelman has failed to produce expert witness reports or any other evidence needed to support her claim that Defendant's establishment is in violation of the ADA.

**II.     Legal Standards**

   A.     Standing

Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). To establish standing to obtain injunctive relief, a plaintiff must demonstrate a "real and immediate threat of future injury by the defendant". *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). Although general factual allegations of injury resulting from the defendant's conduct may suffice at the pleading stage, at the final stage of the litigation a plaintiff must set forth, by affidavit or other evidence, specific facts to prove standing. *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006).

   B.     Summary Judgment

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25.

The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### III.   Analysis

In her response, Steelman offers no rebuttal to the Defendant's argument that she lacks standing. Thus, the Defendant is entitled to summary judgment on this score.

As for the other argument advanced by Pirates Cove, Steelman asserts that the company has made some post-suit alterations to its property and that this proves that she was discriminated against. (Doc. 43 at 1). However, Steelman does not identify the alterations or point to any evidence, aside from her unsworn assertion, that they occurred. She also makes no effort to match up those (alleged) alterations to the allegations of her complaint so as to show that she previously encountered those now-remedied barriers. Her conclusory statement to that effect is insufficient to meet her burden under Rule 56. Pirates Cove is also entitled to summary judgment on this point.

### IV.   Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 40) is **GRANTED**. The Clerk is directed to enter judgment in favor of the Defendant and against the Plaintiff and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -